UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARS WRIGLEY CONFECTIONERY US, LLC,<br><br>*Defendant*. | Civil Action No.<br>1:23-cv-04422-AT |

**MARS WRIGLEY CONFECTIONERY US, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

FACTUAL ALLEGATIONS ................................................................................................2

STANDARD OF REVIEW ...................................................................................................3

ARGUMENT ..........................................................................................................................3

I.   PLAINTIFF'S GENERAL BUSINESS LAW CLAIMS FAIL ......................................3

   A.   The Product's Packaging Is Not Misleading to a Reasonable Consumer. ..............4

   B.   The Complaint Does Not Allege Causation of a Cognizable Injury. ...................10

II.  PLAINTIFF'S EXPRESS WARRANTY CLAIM FAILS. ...........................................12

CONCLUSION ....................................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Angeles v. Nestle USA, Inc.*,
   632 F. Supp. 3d 309 (S.D.N.Y. 2022)................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................................3

*Barreto v. Westbrae Nat., Inc.*,
   518 F. Supp. 3d 795 (S.D.N.Y. 2021)...................................................................................7

*Beers v. Mars Wrigley Confectionery US, LLC*,
   2022 WL 493555 (S.D.N.Y. Feb. 17, 2022).....................................................................5, 9

*Belcastro v. Burberry Ltd.*,
   2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017).......................................................................10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................3

*Boswell v. Bimbo Bakeries USA, Inc.*,
   570 F. Supp. 3d 89 (S.D.N.Y. 2021).................................................................................5, 6

*Brownell v. Starbucks Coffee Co.*,
   --- F. Supp. 3d ----, 2023 WL 4489494 (N.D.N.Y. July 12, 2023)........................................1

*Budhani v. Monster Energy Co.*,
   527 F. Supp. 3d 667 (S.D.N.Y. 2021)...................................................................................4

*Campbell-Clark v. Blue Diamond Growers*,
   2019 WL 10852810 (E.D.N.Y. Dec. 17, 2019) ....................................................................6

*Colella v. Atkins Nutritionals, Inc.*,
   348 F. Supp. 3d 120 (E.D.N.Y. 2018).................................................................................13

*DaCorta v. AM Retail Grp., Inc.*,
   2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) .......................................................................11

*Dashnau v. Unilever Mfg. (US), Inc.*,
   529 F. Supp. 3d 235 (S.D.N.Y. 2021) ..................................................................................4

*Davis v. Hain Celestial Grp., Inc.*,
   297 F. Supp. 3d 327 (E.D.N.Y. 2018)...................................................................................5

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013) ..................................................................................4, 5

*Foster v. Whole Foods Mkt. Grp., Inc.*,
   2023 WL 1766167 (E.D.N.Y. Feb. 3, 2023) ................................................................8

*Harris v. McDonald's Corp.*,
   2021 WL 2172833 (N.D. Cal. Mar. 24, 2021)...................................................11-12

*Izquierdo v. Mondelez Int'l, Inc.*,
   2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)............................................... 10, 11

*Jackson v. Kraft Heinz Foods Co.*,
   2022 WL 4591749 (N.D. Ill. Aug. 3, 2022) ............................................ 1, 7, 8, 10

*Kennedy v. Mondelez Glob. LLC*,
   2020 WL 4006197 (E.D.N.Y. July 10, 2020).............................................................9

*Lemke v. Kraft Heinz Food Co.*,
   2022 WL 1442922 (W.D. Wis. May 6, 2022) ...................................................1, 7

*Mantikas v. Kellogg Co.*,
   910 F.3d 633 (2d Cir. 2018) ......................................................................................4

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ....................................................................................8

*Mitchell v. Whole Foods Mkt. Grp., Inc.*,
   2022 WL 657044 (S.D.N.Y. Mar. 4, 2022) ...............................................................5

*Oldrey v. Nestle Waters N. Am., Inc.*,
   2022 WL 2971991 (S.D.N.Y. July 27, 2022) ............................................................5

*Orlander v. Staples, Inc.*,
   802 F.3d 289 (2d Cir. 2015) ......................................................................................4

*Parham v. Aldi Inc.*,
   2021 WL 709632 (S.D.N.Y. Feb. 15, 2021)..............................................................6

*Petrosino v. Stearn's Prod., Inc.*,
   2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018).....................................................12-13

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
   2019 WL 3409883 (E.D.N.Y. July 26, 2019).....................................................3-4, 5

*Russett v. Kellogg Sales Co.*,
    2022 WL 2789837 (S.D.N.Y. July 15, 2022) ............................................................... 5

*Santiful v. Wegmans Food Mkts., Inc.*,
    2023 WL 2457801 (S.D.N.Y. Mar. 10, 2023) .............................................................. 5

*Sarr v. BEF Foods*,
    2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ............................................................ 6, 9

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) ............................................................................................ 11

*Sibrian v. Cento Fine Foods, Inc.*,
    2020 WL 3618953 (E.D.N.Y. July 2, 2020) ................................................................ 6

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ............................................................................................... 10-11

*Smith v. Gen. Mills Sales, Inc.*,
    2023 WL 2349908 (N.D. Ill. Mar. 3, 2023) ................................................................. 8

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021) ....................................................................... 4, 9

*Van Orden v. Hikari Sales U.S.A., Inc.*,
    2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) ............................................................ 1

*Yu v. Dreyer's Grand Ice Cream, Inc.*,
    592 F. Supp. 3d 146 (S.D.N.Y. 2022) .......................................................................... 5

## STATUTES & REGULATIONS

21 C.F.R. § 101.22(a)(3) ........................................................................................................ 8

N.Y. U.C.C. § 2-607(3)(a) ............................................................................................. 12, 13

**INTRODUCTION**

Plaintiff's counsel, employing a raft of recycled complaints, has filed over 500 putative class actions against consumer-goods companies, including more than 200 against food manufacturers alone. The rate and pace at which he does so is remarkable. So remarkable, in fact, that it has been the subject of comment by several courts. "Mr. Sheehan has been warned on repeated occasions regarding his practice of filing lawsuits where the theory of the case was not close to viable" and nonetheless continues to "provoke the ire of the judiciary" with frivolous filings. *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023); *see also Brownell v. Starbucks Coffee Co.*, --- F. Supp. 3d ----, 2023 WL 4489494, at *8 (N.D.N.Y. July 12, 2023) (ordering "Mr. Sheehan [to] show cause as to why this Court should not sanction him for continually filing frivolous lawsuits in this District"). Plaintiff's counsel remains undeterred. In the eleven weeks since August 18, 2023, he has filed new putative class actions at a rate of nearly one per week.

With this Plaintiff, counsel has filed a putative class action over Combos®, a snack food featuring a "combination"—hence the name—of a baked cracker shell and a flavored filling. Plaintiff takes issue with one particular flavor, Cheddar Cheese Baked Cracker Combos®, claiming it is materially misleading that the snack's front packaging features the label "Filling made with REAL CHEESE" above a block of cheddar cheese. Plaintiff claims that she selected Combos® as her snack food of choice because she was seeking the nutritional value of real cheese. According to Plaintiff, she was misled as to the quantity of real cheese included in the product, despite that the information panel discloses that the filling's predominate ingredient is dairy product solids.

Plaintiff's counsel has pursued this "real cheese" theory in other similar cases. *See Jackson v. Kraft Heinz Foods Co.*, 2022 WL 4591749, at *3 (N.D. Ill. Aug. 3, 2022); *Lemke v. Kraft Heinz Food Co.*, 2022 WL 1442922, at *3 (W.D. Wis. May 6, 2022). The "real cheese" theory failed,

however, and those courts dismissed the claims with prejudice. Plaintiff's counsel now brings this rejected theory to New York. For the reasons set forth below, this Court should reject that theory and dismiss the claims as other courts have done.

## FACTUAL ALLEGATIONS[1]

Mars Wrigley Confectionery US, LLC ("Mars") is the world's leading manufacturer of chocolate, chewing gum, mints, and fruity confections. Mars has manufactured and marketed its Combos® stuffed snacks for nearly half a century. Combos® are a combination of a baked tube (cracker or pretzel) and a flavored filling. *See* Compl. ¶¶ 1, 11. Combos® come in a broad range of varieties, including flavors like Cheddar Cheese, Pizzeria, Pepperoni Pizza, Buffalo Blue Cheese, and Nacho Cheese, encased in tubes of either pretzels or baked crackers.

Plaintiff purchased a version of Combos® consisting of a baked cracker tube and cheddar cheese-flavored filling (the "Product"). *Id.* ¶¶ 1, 36. The Product's packaging includes the title "Combos®" with the subtitle "Stuffed Snacks," as well as a medallion stating "Filling made with REAL CHEESE" on the right-hand side of the package, above a "fresh block of cheddar cheese." *Id.* ¶ 1. On the left-hand side, the packaging reads "Cheddar Cheese / BAKED CRACKER / Natural Flavor" in a vertical stack above an image of some Combos®. *Id.*



---

[1] The Complaint's factual allegations must be taken as true for purposes of this motion to dismiss. Mars does not concede that any such allegations are true.

The Complaint asserts claims under §§ 349 and 350 of the New York General Business Law ("GBL"), as well as claims for breach of warranty, fraud, and unjust enrichment. In response to Defendant's first pre-motion letter, Plaintiff agreed to withdraw her claims for (i) breach of implied warranty, (ii) breach of the Magnuson-Moss Warranty Act, (iii) fraud, and (iv) unjust enrichment. Thus, the only claims that remain are those under the GBL and for breach of express warranty.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between 'possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

I.   **PLAINTIFF'S GENERAL BUSINESS LAW CLAIMS FAIL.**

To plead violations of New York GBL §§ 349 and 350, Plaintiff must plausibly allege that "the defendant engaged in consumer-oriented conduct that is materially misleading, and plaintiff was injured as a result of the deceptive act or practice." *Reyes v. Crystal Farms Refrigerated*

3

*Distrib. Co.*, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019). In demonstrating that injury, Plaintiff must show that she "purchased a product and did not receive the full value of [her] purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015). Here, Plaintiff's GBL claims suffer from two independent defects—either of which is sufficient to warrant dismissal. Plaintiff has failed to plausibly allege both (1) that the Product's packaging is "materially misleading" and (2) that she was injured by not "receiv[ing] the full value of her purchase."

### A. The Product's Packaging Is Not Misleading to a Reasonable Consumer.

To survive a motion to dismiss, "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 241 (S.D.N.Y. 2021) (quoting *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021)). Rather, they must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.*; *see also Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 676 (S.D.N.Y. 2021) (same).

Conduct is materially misleading only if it would mislead "a reasonable consumer acting reasonably under the circumstances." *Reyes*, 2019 WL 3409883, at *3 (quoting *Orlander*, 802 F.3d at 300). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam)). Courts thus "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636. "If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim." *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 94 (S.D.N.Y. 2021) (quoting *Davis v.*

4

*Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018)). "In evaluating the efficacy of such a disclaimer, courts consider factors such as the font size, placement, and emphasis." *Reyes*, 2019 WL 3409883, at *3 (citation omitted). "This is because reasonable consumers understand that, with vague product descriptions, the devil is in the details." *Davis*, 297 F. Supp. 3d at 334 (citation and quotation marks omitted).

"It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741. Courts have echoed that principle in a litany of opinions dismissing cases filed by Plaintiff's counsel. *See, e.g.*, *Reyes*, 2019 WL 3409883, at *1-5 (dismissing implausible allegations that "made with real butter" on mashed potato product implied absence of margarine); *Santiful v. Wegmans Food Mkts., Inc.*, 2023 WL 2457801, at *4 (S.D.N.Y. Mar. 10, 2023) (dismissing case concerning "Naturally Flavored" vanilla cake mix as not likely to mislead); *Oldrey v. Nestle Waters N. Am., Inc.*, 2022 WL 2971991, at *4 (S.D.N.Y. July 27, 2022) (dismissing case concerning flavored natural spring water with label "Taste the Real" as not likely to mislead about actual fruit content); *Russett v. Kellogg Sales Co.*, 2022 WL 2789837, at *2-4 (S.D.N.Y. July 15, 2022) (dismissing case concerning "Frosted Strawberry" Pop-Tarts as not likely to mislead about the product's strawberry content); *Yu v. Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 154-62 (S.D.N.Y. 2022) (dismissing case concerning chocolate-covered ice cream bars as not likely to mislead with respect to coating's oil content); *Mitchell v. Whole Foods Mkt. Grp., Inc.*, 2022 WL 657044, at *8 (S.D.N.Y. Mar. 4, 2022) (same); *Beers v. Mars Wrigley Confectionery US, LLC*, 2022 WL 493555, at *3-7 (S.D.N.Y. Feb. 17, 2022) (same); *Boswell*, 570 F. Supp. 3d at 93-97 (dismissing case concerning "All Butter Loaf Cake" as not likely to mislead with respect to other ingredients); *Parham v. Aldi Inc.*, 2021 WL 709632, at *3-4 (S.D.N.Y. Feb. 15, 2021), *report and*

*recommendation adopted*, 2021 WL 4296432 (S.D.N.Y. Sept. 21, 2021) (dismissing case concerning reference to vanilla on soymilk label as not likely to mislead as to its ingredients); *Sibrian v. Cento Fine Foods, Inc.*, 2020 WL 3618953 (E.D.N.Y. July 2, 2020) (dismissing a case alleging that "San Marzano" tomatoes did not comply with Italian designation-of-origin certifications because a reasonable consumer would not know the details of such certifications); *Sarr v. BEF Foods*, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a food label because it would not communicate a misleading message to a reasonable consumer); *Campbell-Clark v. Blue Diamond Growers,* 2019 WL 10852810 (E.D.N.Y. Dec. 17, 2019) (dismissing allegations that packaging for "nut and rice" crackers implicitly overstated their nut content).

Plaintiff's claims that the Product's packaging is misleading fail for numerous reasons. Plaintiff alleges that she "read and relied on 'Made With Real Cheese' and the block of cheddar cheese to expect the filling contained a significant, predominant and/or absolute amount of real cheese." Compl. ¶¶ 9, 33. That allegation does not suffice to state a claim for relief.

*First*, the statement on the label is literally true, and the Complaint does not allege otherwise. The Product is made with real cheese. The Complaint includes an image of the "fine print of the ingredients" and highlights in yellow the real cheese component—"Bakers and Cheddar Cheese Blend (Milk, Cheese Cultures, Salt, Enzymes."). Compl. ¶¶ 10, 11. That there are other ingredients included, like "Dairy Product Solids," has no bearing on the fact that the Product's filling is, in fact, "made with REAL CHEESE."

6

> INGREDIENTS: WHEAT FLOUR, PALM OIL, DAIRY PRODUCT SOLIDS, MALTODEXTRIN, CORN OIL, SUGAR, MODIFIED CORN STARCH; LESS THAN 2% OF: SALT, BAKERS AND CHEDDAR CHEESE BLEND (MILK, CHEESE CULTURES, SALT, ENZYMES), LEAVENING (BAKING SODA, SODIUM ACID PYROPHOSPHATE), DEXTROSE, SOY LECITHIN, COLORS (YELLOW 5 LAKE, YELLOW 6 LAKE, BLUE 1 LAKE), WHEY, HYDROLYZED CORN GLUTEN, NATURAL FLAVOR, LACTIC ACID, YEAST EXTRACT, LACTOSE, BUTTERMILK, CITRIC ACID.
> ALLERGY INFORMATION: CONTAINS MILK, WHEAT AND SOY.
> DISTRIBUTED BY MARS WRIGLEY CONFECTIONERY US, LLC
> HACKETTSTOWN, NJ 07840-1503 USA
> CONTAINS BIOENGINEERED FOOD INGREDIENTS

*Second*, it is unreasonable for a consumer to read a statement about the ***type*** of ingredient and infer a conclusion about the ***quantity*** of that ingredient. *See Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 804 (S.D.N.Y. 2021). The Product's label says only "Filling made with REAL CHEESE." Compl. ¶¶ 1, 9. It does not include a modifier like "100%" or "only." *See, e.g., Lemke*, 2022 WL 1442922, at *3 (distinguishing a straight "real cheese" representation from others with such modifiers). The Product's front packaging also has no other statements concerning the quantity of real cheese contained in the Product. *See id.* ("Similarly, the remainder of the front packaging contains no other statement that belies the ingredients list on the back of the product.").

*Third*, the Complaint "alleges nothing of what reasonable consumers of the Product . . . expect" or that they would be misled. *Jackson v. Kraft Heinz Foods Co.*, 2022 WL 4591749, at *3; *see also Lemke*, 2022 WL 1442922, at *5. *Jackson* and *Lemke* are cases recently filed by Plaintiff's counsel—and recently dismissed—that also focus on "real cheese" statements. "Central to all of [these] claims is the notion that the Product's label misleads consumers" by representing that the product contains "REAL cheese" and "omits" that the cheese "is combined with . . . cheaper filler" ingredients, such as "starch, nonfat milk, and whey." *Jackson*, 2022 WL 4591749, at *2. The Complaint alleges the same. *See* Compl. ¶¶ 13-18 (alleging "whey" is a "lower cost, filler ingredient"). As with prior cases, Plaintiff's "theory of deception fails because Plaintiff has

7

not plausibly shown that the product's label would mislead a reasonable consumer of the Product and because nothing about the Product's label is false, misleading, or deceptive as a matter of law." *Jackson*, 2022 WL 4591749, at *2.

*Fourth*, the Complaint suggests, and Plaintiff's response to Defendant's pre-motion letter (ECF No. 18) confirms, that Plaintiff intends to rely on *Mantikas v. Kellogg Co.* That approach is mistaken. In *Mantikas*, labels on Cheez-Its crackers were plausibly deceptive because reasonable consumers know that crackers "are typically made predominantly of grain" and the packaging would suggest—falsely—that they were made with "predominately [] whole grain." 910 F.3d at 638. By contrast, the Complaint does not—and cannot—allege that reasonable consumers have an analogous understanding of the term "filling." Indeed, *Mantikas* noted that the "same consumer, confronted with the claim that a cracker is 'made with real vegetables,'" would be unlikely to expect a "cracker [] made predominantly of vegetables." *Id.* When faced with such ambiguity, courts throughout the Second Circuit and beyond have turned to the broader context, including the ingredients list. *See, e.g.*, *Foster v. Whole Foods Mkt. Grp., Inc.*, 2023 WL 1766167, at *3 (E.D.N.Y. Feb. 3, 2023); *see also McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023) ("[W]hen . . . a front label is ambiguous, the ambiguity can be resolved by reference to the back label.").

Further, the description at issue here must be interpreted in the context of the entire label. One such contextual factor is the description "Natural Flavor," an FDA term referring to a flavoring element "derived from food ingredients (including dairy products)," "whose significant function in food is flavoring rather than nutritional." *See Smith v. Gen. Mills Sales, Inc.*, 2023 WL 2349908, at *2 (N.D. Ill. Mar. 3, 2023) (quoting 21 C.F.R. § 101.22(a)(3)). Here, the term "Natural

8

Flavor" could suggest that the Product is cheddar cheese-*flavored*. In fact, an additional portion on the back of the Product's packaging supports this interpretation.

> **Cheddar Cheese**
> BAKED CRACKER
>
> Crunchy oven-baked crackers filled with real cheddar cheese flavor. Why should pretzels have all the fun?
>
> Stuffed full of awesome.™

Similarly, the complained-of description inherently implies combination with other ingredients. The claim is not "filling made *of* real cheese"; the claim is "filling made *with* real cheese." *See Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *4 (E.D.N.Y. July 10, 2020) (finding "made with real honey" not misleading even though other sweeteners were also used); *Sarr*, 2020 WL 729883, at *4 (noting that made with "real butter" does not imply that other fats are also not used). A reasonable consumer wanting more information as to the amount and role of cheese in the Product would view the information panel to provide any desired clarity.

*Mantikas* does not save the Complaint for another reason. The label is clear that the Product is a "baked cracker"; the filling and its cheese are obviously not the Product's primary ingredient. Compl. ¶ 10. The first ingredient by weight is "wheat flour." *Id. Mantikas* distinguished its reasoning from cases like this one where consumers claimed to have been "misled about the quantity of an ingredient that obviously was not the products' primary ingredient." *Id.* Thus, as Courts in this District have "previously explained," in cases involving Mr. Sheehan's firm, "there is no deception" on the label to be cured, and these claims must be dismissed. *Beers*, 2022 WL 493555, at *5; *Twohig*, 519 F. Supp. 3d at 164.

9

*Finally*, the Complaint suggests the label led Plaintiff to believe that the Product would have certain (but unspecified) "nutritional attributes such as its protein content, vitamins and minerals." Compl. ¶ 34. That allegation is implausible. The front label says nothing about the nutritional value, which is separately set forth in the FDA-required nutritional facts label. And it would be unreasonable to expect, absent an explicit claim, that a processed snack food contains a significant amount of protein, vitamins, or minerals. *See, e.g.*, *Jackson*, 2022 WL 4591749, at *3 (observing that consumers who buy "processed foods" expect "processed ingredients"). Moreover, even if Plaintiff held beliefs about the nutritional value, the Complaint does not plausibly allege that a reasonable consumer would. Unsubstantiated statements from unattributed food industry executives about how consumers view "cheese" generally, *see* Compl. ¶¶ 6-8, do not suffice to inform their reasonable beliefs about processed snacks containing filling made with cheese.

**B.     The Complaint Does Not Allege Causation of a Cognizable Injury.**

Because New York law "does not recognize an injury based on deception itself," *Belcastro v. Burberry Ltd.*, 2017 WL 5991782, at *3 (S.D.N.Y. Dec. 1, 2017), a plaintiff must "allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase," *Orlander*, 802 F.3d at 302. To do so, a plaintiff must show either that (1) she "did not receive the product [she] bargained for" or (2) "that the deceptive practice caused the plaintiff to overpay." *Belcastro*, 2017 WL 5991782, at *3. This latter theory of overpayment is sometimes referred to as a "price premium." *See, e.g.*, *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016).

It is unclear which theory Plaintiff is advancing, but the Complaint fails as to all of them. Plaintiff states that "had she known the representations and omissions were false and misleading," she "would not have purchased [the Product]." Compl. ¶ 38. This is precisely the "flawed

10

'deception as injury' theory" that New York has "expressly rejected." *Izquierdo*, 2016 WL 6459832, at *7 (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999)). Plaintiff's mishmash of injury allegations continues with the statement that the "value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant." Compl. ¶ 39. But this conclusory statement is not sufficient to plead causation of an actual injury. A plaintiff must allege a "connection between the misrepresentation and any harm from, or failure of, the product." *DaCorta v. AM Retail Grp., Inc.*, 2018 WL 557909, at *7 (S.D.N.Y. Jan. 23, 2018) (quoting *Small*, 94 N.Y.2d at 56); *see also id.* at *8 ("In the absence of facts related to the value or the purchased product, or how the product fell short of what it purported to be, the [] Complaint only reflects Plaintiff's subjective disappointment."). Plaintiff's vague allegations about desired nutritional attributes do not plausibly create such a "connection," especially when the ingredient to which they are attributed—cheese—is, in fact, present.

And finally, Plaintiff alleges that the Product is sold at a "premium price, $2.99 for 6.3 oz, excluding tax and sales." Compl. ¶ 37. But Plaintiff fails to provide any benchmark by which to evaluate that price; a price is not "premium" simply because Plaintiff states it is so. *See, e.g.*, *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 12 (1st Cir. 2017) ("[C]laims of injury . . . require an objective measure against which the plaintiff's allegations may be evaluated."). Plaintiff here has provided no facts about what the premium was or how the price paid compares to non-premium prices. Indeed, Plaintiff's counsel made similar allegations that failed to state a claim in a putative class action concerning McDonald's vanilla soft serve ice cream. *Harris v. McDonald's Corp.*, 2021 WL 2172833, at *2 (N.D. Cal. Mar. 24, 2021). The court rejected conclusory allegations that the product was sold at a premium, noting that the plaintiff "offers no facts to support the

11

counter-intuitive notion that there is such a premium, given the pricing shown in the complaint and the context of the market." *Id.* The same reasoning applies in this case.

## II.     PLAINTIFF'S EXPRESS WARRANTY CLAIM FAILS.

Because Plaintiff's express warranty claim "largely hinge[s] on the same theory of misleading business practices," it fails for the same reasons. *Angeles v. Nestle USA, Inc.*, 632 F. Supp. 3d 309, 317 (S.D.N.Y. 2022). An express breach of warranty claim under New York law requires the plaintiff to plead "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Id.* As discussed above, Plaintiff has not plausibly alleged that the Product does not comport with the labels on its packaging; as a result, this claim fails. Furthermore, even assuming the label statements were accepted as a kind of warranty, Plaintiff has failed to plausibly allege a breach of that warranty.

Plaintiff's express warranty claim also suffers from an additional defect—the Complaint does not allege that Plaintiff provided the requisite pre-suit notice "within a reasonable time after [s]he discover[ed]" the alleged defect. N.Y. U.C.C. § 2-607(3)(a). Plaintiff's counsel did provide a copy of the draft complaint to Mars' outside counsel in May 2023 (a fact not alleged in the Complaint), which Plaintiff contends represents the notice and satisfies the statutory requirement. That notice does not suffice because Plaintiff alleges that she purchased the Product in 2020—three years earlier. Compl. ¶ 36. Waiting three years is not a "reasonable time" to provide notice of an alleged defect. The Complaint also speculates about other possible forms of notice—i.e., that Mars "should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums." *Id.* ¶ 60. But those allegations are also insufficient because they lack the requisite specificity. "Proper factual allegations should, at least, include the date and method by which Plaintiff afforded such notice to

12

Defendant," not vague claims of complaints by others. *Petrosino v. Stearn's Prod., Inc.*, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018). In any event, a defendant's alleged awareness of an issue does not suffice; rather, "the buyer" must provide notice. N.Y. U.C.C. § 2-607(3)(a).

To the extent Plaintiff attempts to rely on an exception to the notice requirement in retail sales—invoked by a minority of New York courts—that exception is "exclusively applied where a party alleges physical, in addition to economic, injury." *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 144 (E.D.N.Y. 2018) (collecting New York cases). Here, Plaintiff seeks purely monetary damages and does not assert she (or any member of the putative class) suffered personal injury. The exception does not apply.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims with prejudice.

Dated: November 7, 2023

Respectfully submitted,

*/s/ Benjamin W. Graham*
Stephen D. Raber (*Pro Hac Vice* forthcoming)
Benjamin W. Graham (Bar No. BG1195)
Meaghan E. Newkirk (*Pro Hac Vice*)
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10019
Tel.:   (202) 434-5000
Fax:   (202) 434-5029
Email: bgraham@wc.com

*Counsel for Mars Wrigley Confectionery US, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

/s/ *Benjamin W. Graham*
Benjamin W. Graham
