USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/22/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL FRIAS, JESSICA AVILEZ, and ROY CAMPBELL, individually and on behalf of all others similarly situated,

        *Plaintiffs*,

v.

MARS WRIGLEY CONFECTIONERY US, LLC,

        *Defendant*.

Case No. 1:23 Civ. 4422 (AT)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely in connection with litigating *Frias et al. v. Mars Wrigley Confectionery US, LLC*, Case No. 1:23 Civ. 4422 (S.D.N.Y.) (the "Action"). Neither the parties nor their counsel may use Confidential Information for any other purpose.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Confidential Information shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

  5.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  6.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

  7.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

  8.  Pursuant to Federal Rule of Evidence 502, the production or disclosure of documents, communications, or information that is subject to the attorney-client privilege, work-product doctrine, or other privileges or protections ("Protected Information"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

  9.  If a disclosing party discovers an inadvertent disclosure of Protected Information, it will notify the receiving party within twenty business days by providing a written claw-back notice identifying the document or information so disclosed. The receiving party will destroy or return all copies of such information within five business days of receiving the claw-back notice.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, whether by entry of final judgment, voluntary dismissal, settlement, or otherwise, Confidential Information and any copies thereof shall be promptly (and in no event later than 15 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. In the event any party, or any person who has executed Exhibit A, violates the terms of this Stipulation, the parties (and any signatory of Exhibit A), agree that the aggrieved party may seek injunctive relief.

SO STIPULATED AND AGREED.

By: */s/ Spencer Sheehan*  

Date: December 22, 2023

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
60 Cuttermill Road, Ste. 412
Great Neck, NY 11021
Telephone: (516) 268-7080
Facsimile: (516) 234-7800

*Counsel for Plaintiffs*

By: */s/ Benjamin W. Graham*  

Date: December 22, 2023

**WILLIAMS & CONNOLLY LLP**
Benjamin W. Graham
 650 Fifth Avenue, Ste. 1500
 New York, NY  10019

Stephen D. Raber
Meaghan E. Newkirk
 680 Maine Avenue, SW
 Washington, DC  20024

*Counsel for Defendant*

SO ORDERED.

Dated: December 22, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

3

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned *Frias et al. v. Mars Wrigley Confectionery US, LLC*, Case No. 1:23 Civ. 4422 (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I have reviewed the Confidentiality Stipulation and Protective Order and hereby agree to abide by its terms, including that I will not disclose any information contained in such documents to any other person or use such information for any purpose other than this litigation.

Dated:

_____        _____
Name (printed)                                   Signature

Signed in the presence of:

_____
(Attorney)