
LAW OFFICES
## WILLIAMS & CONNOLLY LLP

BENJAMIN W. GRAHAM
(202) 434-5542
bgraham@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 8, 2024

<u>Via ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York

   Re:  <u>*Frias v. Mars Wrigley Confectionery US, LLC*, Case No. 1:23-cv-4422</u>

Dear Judge Torres:

  I write on behalf of Mars Wrigley Confectionery US, LLC ("Mars") pursuant to the Court's Individual Rules and in response to Plaintiffs' pre-motion letter regarding their anticipated motion for class certification. As detailed below, this case is inappropriate for class certification based on the individualized inquiries required, the demonstrated lack of adequacy of Plaintiffs' counsel, and the speculative nature of Plaintiffs' proffered injury/damages theory.

I.  FACTUAL AND PROCEDURAL BACKGROUND

  This case concerns Combos®, a pretzel or cracker tube stuffed with a flavored filling. Plaintiffs brought this putative class action alleging that the statement "Filling made with REAL CHEESE" on the Product's label misled them. In response to Mars moving to dismiss the original complaint, *see* ECF No. 22, Plaintiffs' counsel switched plaintiffs, dropped several theories of liability, and filed an amended complaint, *see* ECF No. 26. Mars moved to dismiss the amended complaint, and the Court dismissed Plaintiffs' claims for fraud and violations of New York Agriculture and Markets Law § 201, leaving only their claim under New York General Business Law §§ 349 and 350.

  As scheduled, the parties completed fact and expert discovery. Plaintiffs showed little interest in litigating this case or developing a record to carry their burden of proof. Plaintiffs served one set of requests for the production of documents. Plaintiffs did not notice a single deposition of any Mars employee, and they withdrew their notice for a Rule 30(b)(6) deposition of Mars itself. Plaintiffs' approach to expert discovery was similar. Plaintiffs proffered one expert who provided a report on a consumer survey. This same report included a subsection on two possible damages analyses that Plaintiffs' expert could potentially undertake, but which no one has yet undertaken. Plaintiffs declined to depose either of Mars's experts.

II.     LEGAL STANDARD FOR CLASS CERTIFICATION

Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal citation omitted). To fall within that exception, plaintiffs must establish by "at least a preponderance of the evidence" that the putative class complies with Rule 23. *Brown v. Kelly*, 609 F.3d 467, 475-76 (2d Cir. 2010).

Under Federal Rule of Civil Procedure 23(a), the plaintiff must establish that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Additionally, certification must be "deemed appropriate under one of the three subdivisions of Rule 23(b)." *Brown*, 609 F.3d at 476. Here, Plaintiffs invoke subdivision (3). Rule 23(b)(3) requires (1) predominance—"that the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) superiority—"that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

To have a class certified under Rule 23, plaintiffs must "affirmatively demonstrate" with "evidence" that they have satisfied all of its prerequisites. *Dukes*, 564 U.S. at 350-51. A class can only be certified if the Court, after a "rigorous analysis," determines that plaintiffs have "in fact" proven each of the Rule 23 requirements. *Id.* at 346, 350-51; *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) (plaintiffs "must actually *prove*—not simply plead—that their proposed class" satisfies Fed. R. Civ. P. 23).

III.    PLAINTIFFS HAVE NOT SATISFIED ALL REQUIREMENTS OF RULE 23.

A.      Individualized Issues Will Predominate Any Common Questions.

"What matters to class certification… is not the raising of common "questions"—even in droves—but, rather the capacity of a classwide proceeding to generate **common answers** apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350. Plaintiffs must show that trying their claims will resolve "in one stroke," at one trial, the issues that are central to the validity of all the class members' claims. *Id.*

Plaintiffs allege that the Product's labelling—particularly the statement "Filling made with REAL CHEESE"—misled them to expect that the filling would "consist entirely or predominantly of real cheese." Am. Compl. ¶ 39. While the parties may dispute whether Plaintiffs' particular interpretation is supported or adequate as a matter of law, what **other** class members believed about the product's composition will, in all events, not be subject to class-wide proof. *See, e.g., Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 95 (S.D.N.Y. 2010) ("Defendant is correct that whether or not Plaintiffs' claims – that they ate [Defendant's] food because they believed it to be healthier than it was in fact – are true for any particular person is an inquiry which [] requires individualized proof.").

Further, each putative class member's experience of and exposure to the Product will differ. Class members will have purchased the Product at different retailers, selected it from different in-store displays, and reviewed different portions of the packaging. All of these unique experiential factors will play a role in each member's perception and understanding of the Product's labelling. Additionally, as Plaintiffs' expert admitted during her deposition, consumers purchase snack foods—like the Product—for a variety of reasons, including taste, flavor, value, perceived value, brand familiarity, and convenience.[1] While Plaintiffs' expert report included a survey aimed at assessing the materiality of the "Real Cheese" statement, Mars intends to move to exclude such expert based on improper survey design, biased and leading questions, and other related issues.

Accordingly, individualized inquiries will also predominate with respect to the causal connection between each putative class member's exposure to the allegedly misleading Product packaging and their subsequent consumption of the Product. *See, e.g.*, *Pelman,* 272 F.R.D. at 95. Because these individualized issues will eclipse common questions in this case, class certification should not be granted.

B. Plaintiffs' Counsel Does Not Provide Adequate Representation.

Rule 23(g)(4) provides that "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g). Counsel must be "qualified, experienced and able to conduct the litigation' on behalf of the class." *Feeley v. City of New York*, 2023 WL 2918861, at *11 (E.D.N.Y. Mar. 24, 2023). "In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations, and (2) the putative class action before the court." *Id.* (quoting *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992)).

The conduct of Plaintiffs' counsel in prior litigation is well-known. "Mr. Sheehan has been warned on repeated occasions regarding his practice of filing lawsuits where the theory of the case was not close to viable" and nonetheless continues to "provoke the ire of the judiciary" with frivolous filings. *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023). Earlier this year, Plaintiffs' counsel was—again—sanctioned for bad faith, filing a frivolous lawsuit, and for fraud on the Court in connection with a case in Florida district court. *See Durant v. Big Lots, Inc.*, 2024 WL 3321879, at *10 (M.D. Fla. July 3, 2024). Just weeks ago, the judge in that matter ordered that Mr. Sheehan cover approximately $144,000 in attorney fees as a result of that "frivolous" suit.[2] In the case, Plaintiffs' counsel has shown little interest in developing a record, through either fact or expert discovery, to carry the burden of proof. Based on counsel's demonstrated approach, it is far from clear that he will fairly and adequately represent the interests of the class.

---

[1] Deposition of A. Lynn Matthews on April 10, 2024 ("A. Matthews Tr.") 82:07-17.
[2] Emily Sawicki, *Atty Sheehan Owes $144K Fees For 'Frivolous' Big Lots Suit*, Law360 (Sept. 26, 2024).

      C.      **Plaintiffs Must Demonstrate That Injury and Damages Are Susceptible to Common Proof.**

Plaintiffs' pre-motion letter states that the "measure of each Class Member's damages is the amount of the 'price premium' inherent in the Product that Class Members purchased," but ignores that the alleged "price premium" is not "inherent in the Product." Pl.'s Ltr at 3. To the contrary, the extent of economic harm suffered by any putative class member will require individualized inquiry as to, at least, their reason for purchasing the Product, their knowledge and perceptions about the packaging statements, and the price paid. Plaintiffs have not established that injury and damages in this care are susceptible to common proof. In fact, their pre-motion letter does not even identify the "viable damages model" they propose to employ, much less does it describe that "methodology in detail." Pl.'s Ltr at 3.

Plaintiffs must "provide sufficient detail about the proposed methodology to permit a court to determine whether the methodology is suitable" to assess damages on a class-wide basis. *Weiner v. Snapple Beverage Corp.*, 2010 WL 3119452, at *9 (S.D.N.Y. Aug. 5, 2010). Plaintiffs cannot—as was attempted in *Weiner* and as they appear poised to attempt here—simply "identify two possible approaches and assert that they will work in this case." *Id.* Such methodologies have been rejected because they are "vague and lack[ed] the sort of step-by-step detail necessary to evaluate whether the methodolog[ies] [were] workable" in the context of the case. *Singleton v. Fifth Generation, Inc.*, 2017 WL 50014444, at *22 (N.D.N.Y. Sept. 27, 2017).

Plaintiffs' expert report in this case—proffered by an individual who testified that she will not conduct whatever analysis Plaintiffs ultimately settle on—includes only about 6-7 pages (of a 63-page report) describing two different damages approaches. Both are highly susceptible to the types of criticisms, like lack of adequate detail and not accounting for other factors with a bearing on a product's price, that have resulted in rejection in other cases. *See, e.g.*, *Singleton*, 2017 WL 50014444, at *21-22; *Ault v. Smucker Co.*, 310 F.R.D. 59, 67 (S.D.N.Y. 2015).

Further, Plaintiffs' invocation of statutory damages does not elide their need to provide class-wide proof of injury. Even *Kurtz v. Kimberly- Clark Corp.*, upon which Plaintiffs rely, acknowledges that statutory damages can be calculated on a class-wide basis only "once the injury is established." 321 F.R.D. 482, 550-51 (E.D.N.Y. 2017). Plaintiffs must still prove the existence of a price premium attributable to the "Filling made with REAL CHEESE" statement on the Product's packaging before the Court may appropriately consider statutory damages. Plaintiff has provided no evidence establishing such injury.

IV.      **CONCLUSION**

For the foregoing reasons, Mars opposes Plaintiffs' anticipated motion for class certification and intends to file an opposition in response to that motion.

                                                                        Sincerely,

                                                                      */s/ Benjamin W. Graham*
                                                                      Benjamin W. Graham